1

2

3

4

5

6

7                IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9   JOSE FEDERICO VASQUEZ,

10              Plaintiff,                    No. CIV S-10-1529 DAD P

11         vs.

12   M. TAYLOR, et al.,

13              Defendants.                   ORDER

14   _____/

15              Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

16   to 42 U.S.C. § 1983.  Plaintiff has not paid the required filing fee of $350.00 or filed an

17   application to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a) & 1915(a).  Plaintiff will be

18   granted thirty days to pay the filing fee in full or submit a properly completed application to

19   proceed in forma pauperis.

20              Plaintiff is cautioned that the in forma pauperis application form includes a

21   section that must be completed by a prison official, and the form must be accompanied by a

22   certified copy of plaintiff's prison trust account statement for the six-month period immediately

23   preceding the filing of this action.

24              In addition, the court is required to screen complaints brought by prisoners

25   seeking relief against a governmental entity or an officer or employee of a governmental entity.

26   See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner

1

1    has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

2    relief may be granted, or that seek monetary relief from a defendant who is immune from such

3    relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

4            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

6    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

10   Cir. 1989); Franklin, 745 F.2d at 1227.

11           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

12   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

15   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

16   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

17   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

18   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

19   allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

20   (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

21   resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

22           In his complaint, plaintiff contends that his personal property was seized during a

23   cell search and was subsequently lost.  The United States Supreme Court has held that "an

24   unauthorized intentional deprivation of property by a state employee does not constitute a

25   violation of the procedural requirements of the Due Process Clause of the Fourteenth

26   Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v.

2

1   Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation

2   remedy, only authorized, intentional deprivations constitute actionable violations of the Due

3   Process Clause.  An authorized deprivation is one carried out pursuant to established state

4   procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985);

5   see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

6         It is not clear from the facts alleged in the complaint before the court whether

7   plaintiff is claiming that he has suffered an authorized deprivation of property sufficient giving

8   rise to a claim under the due process clause of the federal constitution.  Therefore, the complaint

9   will be dismissed and plaintiff will be granted leave to file an amended complaint which provides

10   more detailed factual allegations regarding the seizure and loss of his personal property along

11   with reference to any applicable regulations pursuant to which plaintiff alleges that the

12   deprivation of property was authorized .

13         Accordingly, IT IS HEREBY ORDERED that:

14         1.  Plaintiff shall submit, within thirty days from the date of this order, either the

15   $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form

16   provided with this order;

17         2.  Plaintiff's complaint, filed on June 17, 2010, is dismissed;

18         3.  Plaintiff is granted thirty days from the date of this order to file an amended

19   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

20   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

21   assigned to this case and must be labeled "Amended Complaint;" plaintiff shall use the form

22   complaint provided by the court and answer each question in the form complaint;

23         4.  The Clerk of the Court is directed to send plaintiff an Application to Proceed

24   In Forma Pauperis By a Prisoner and the form complaint for a § 1983 civil rights action; and

25   /////

26   /////

1    5.  Plaintiff's failure to comply with this order will result in a recommendation

2 that this action be dismissed without prejudice.

3 DATED: June 28, 2010.

4

5               Dale A. Drozd
                 _____

6               DALE A. DROZD
               UNITED STATES MAGISTRATE JUDGE

7 DAD:4
 vasq1529.3.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26